If when an execution is out, and in the sheriff's hands, a man sells any part of his property, and the execution cannot be satisfied without selling that property, it may be sold by the sheriff, and the previous sale will be invalid and void. Here the £ 100 execution was satisfied. Also, if a man be indebted to a larger amount than his property is worth, and he disposes of any part of his property to a child, *Page 309 
although there be no execution issued, nor any judgment, it is void as to creditors unless the child can prove the actual payment of a fair and full consideration; by which latter term is meant a consideration so near the value that it may reasonably be supposed the father would have taken the same from a stranger; and it must be left to the jury to determine whether the consideration were a full one in that sense, or not. If they find in the affirmative, and that it was actually paid, bona fide, they will then find for the purchaser; otherwise, not.
The jury found for the plaintiff, and he had judgment.
NOTE BY REPORTER. — The defendant at the trial of the issue in this action offered a witness to prove certain declarations on the part of the father, under whom the plaintiff claimed, tending to show the conveyance made to the son was fraudulent, and made to defeat creditors. It was stated that these declarations were a short time after the date of the bill of sale. On the part of the plaintiff it was objected that the father had given the bill of sale, and were he now present could not be admitted as a witness to impeach it for fraud. The law will allow no man to give evidence to invalidate an instrument which he himself has given. 1 D. and E., 296; 5 Term, 579; 3 Term, 36: 4 and 5 Burr.
E contra. It was argued that the decisions in the case cited apply only to negotiable instruments that the witness offered has passed. It would be attended with great mischiefs and injury to the credit of such papers were they to be invalidated by him who has passed them after going through several hands. And though the maxim, Nemo allegans turpitudinem suam estaudiendus, seemed to be adopted by some of the judges in deciding these cases, it is evident from the reasons they give that the rule established by these decisions was meant to be particular, and not as general as the maxim.